# EXHIBIT A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
**1200 Ontario Street**
**Cleveland, Ohio 44113**

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**August 28, 2023 10:20**

By: TAUREAN J. SHATTUCK 0097364

Confirmation Nbr. 2948047

JUDY MACK                                          CV 23 984555

vs.

NESTLE USA, INC., ET AL.                 **Judge:**  JOHN J. RUSSO

**Pages Filed:**  26

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| JUDY MACK<br>2020 Grovewood Avenue<br>Parma, Ohio 44134 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | **COMPLAINT FOR DAMAGES<br>AND REINSTATEMENT** |
| v. | )<br>) | **JURY DEMAND ENDORSED<br>HEREIN** |
| NESTLE USA, INC.<br>5750 Harper Road<br>Solon, Ohio 44139 | )<br>)<br>)<br>) | |
| **Please Serve Also:**<br>Nestle USA, Inc.<br>c/o CT Corporation System<br>4400 Easton Commons Way,<br>Ste. 125<br>Columbus, Ohio 43219 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| NATE ACHILLES<br>c/o NESTLE USA, INC.<br>5750 Harper Road<br>Solon, Ohio 44139 | )<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

Plaintiff, Judy Mack, by and through underlined counsel, as her Complaint against the

Defendants, states and avers the following:

**PARTIES, JURISDICTION & VENUE**

1. Mack is a resident of the City of Parma, County of Cuyahoga, State of Ohio.

2. Nestle USA, Inc. ("Nestle") is a foreign corporation that operates a business located at 5750 Harper Road, Solon, Ohio 44139.

3. Nestle was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq.*

4. Nestle was at all times hereinafter mentioned an employer within the meaning of R.C. § 4101 *et seq.*

1

5. Upon information and belief, Defendant Nate Achilles is a resident of the state of Ohio.

6. Achilles made and/or participated in the adverse actions asserted herein.

7. All of the material events alleged in this Complaint occurred in Cuyahoga County.

8. Within two years of the conduct alleged below, Mack dually filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC"), Charge No. CLEA4(47690)08122022; 22A-2022-04099 and Charge No. CLEE4(47691)08122022; 22A-2022-04100.

9. On or around February 9, 2023, the OCRC issued and mailed Notices of Right to Sue letters to Mack regarding the Charges of Discrimination brought by Mack.

10. Mack received her Right to Sue letters from the OCRC in accordance with R.C. § 4112.052 – which have been attached hereto as Plaintiff's Exhibits A and B.

11. Mack has properly exhausted her administrative remedies pursuant to R.C. § 4112.051.

12. Mack has timely filed this Complaint within the relevant statute of limitations pursuant to R.C. § 4112.052.

13. Therefore, personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1) and (4).

14. Venue is proper pursuant to Civ. R. 3(C)(2)&(3).

15. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

16. Mack is a former employee of Nestle.

17. Mack began working for Nestle as a Temporary Worker on or around October 6, 2019.

18. Mack was hired in permanently as a Line Sanitarian in the Equipment Prep and Set Up (EPSU) Department on or around June 8, 2020.

19. At the time of termination, Mack was 49 years old.

20. Throughout her employment, Mack was subjected to numerous instances of harassment based on her age. ("Age Discrimination")

21. As part of the Age Discrimination, Nestle employees disparagingly referred to Mack as "the old lady."

22. As part of the Age Discrimination, Nestle employees mocked Mack by telling her, "you're old."

23. As part of the Age Discrimination, when Mack performed well, supervisor Nate Achilles told younger Nestle employees, "you're not gonna let the old lady show you up, are you?"

24. As part of the Age Discrimination, younger Nestle employees hit Mack in the face with their hairnets.

25. As part of the Age Discrimination, younger Nestle employees turned the power hose on Mack.

26. Mack reported the Age Discrimination to Nestle, however Nestle took no action to remedy the harassment.

27. Instead of reprimanding the younger Nestle employees for the Age Discrimination, Nestle cautioned Mack against making reports about the harassment.

28. Nestle favored the younger employees when it discouraged Mack from making reports about the Age Discrimination.

29. One of Nestle employees' jobs is to clean a work area that deals with chemicals with a hot water hose.

30. While cleaning the chemicals, Nestle employees are supposed to wear protective masks that suction to their face to keep the employees from breathing the chemical vapors.

31. On several occasions Nestle failed to provide employees with the correct protective masks.

32. On one occasion Mack was not given the correct protective mask when cleaning the chemicals.

33. While Mack was cleaning the chemicals, vapors seeped under the mask she was wearing.

34. Mack immediately felt ill upon breathing in the chemical vapors.

35. Mack experienced minor visual hallucinations and vomiting as a result of breathing in the chemical vapors.

36. Mack was taken off the floor in a wheelchair.

37. Nestle provided Mack with no further treatment after she became ill from breathing in the chemical vapors.

38. Mack reported workplace safety concerns relating to the improper safety equipment to supervisors and Human Resources.

39. Nestle took no corrective action regarding Mack's workplace safety reports.

40. On or around October 16, 2021, Nestle employee Alisha Smith physically and verbally threatened Mack at work.

41. Smith was approximately 30 years old at the time.

42. Smith physically pushed Mack.

43. Smith told Mack that she would "fuck [Mack] up" and go to jail for it.

44. Mack removed herself from the dangerous confrontation and searched for a supervisor.

45. Mack found and reported the assault to Achilles.

46. Achilles told Mack to go on break.

47. Achilles took no other action to deescalate the situation or otherwise discipline Smith.

48. Mack became so afraid for her safety at work that she filed a police report regarding the incident.

49. On or around October 29, 2021, Nestle terminated Mack because of her conduct.

50. Upon information and belief, Nestle did not discipline or terminate Smith's employment for her conduct.

51. Upon information and belief, Nestle did not discipline or terminate the employment of any of the younger Nestle employees involved in the Age Discrimination Mack had previously reported.

52. Nestle's purported reason for termination was pretextual.

53. On or around October 29, 2021, Nestle terminated Mack's employment based on her age.

54. On or around October 29, 2021, Nestle terminated Mack's employment in retaliation for reporting workplace safety concerns.

55. As a direct and proximate cause of Belmont's conduct, Burgess has suffered and will continue to suffer damages.

**COUNT I: AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 _et seq._**

56. Mack restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

57. Mack was 49 years old at the time of her termination.

58. At all times relevant herein, Mack was a member of a statutorily-protected class under R.C. § 4112.01 _et seq._

59. Defendants treated Mack differently than other similarly situated employees based on her age.

60. At all times relevant herein, Mack was fully qualified for her position and employment with the Defendants.

61. Mack, at age 49, was a member of a statutorily-protected class under R.C. § 4112.01 _et seq._ at the time she was terminated from her employment with Defendants.

62. Mack was terminated from her employment on or around October 29, 2021.

63. Upon information and belief, after terminating Mack's employment, Defendants replaced Mack with a person who was significantly younger and/or not belonging to the protected class under R.C. § 4112.01 _et seq._

64. Defendants violated R.C. § 4112.01 *et seq.* by discriminating against Mack based on her age.

65. Mack suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

66. As a direct and proximate cause of Defendants' conduct, Mack suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

67. Mack restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

68. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, or in the common law, against terminating an employee who complains about concerns of workplace safety.

69. Defendant's failure to provide a safe work environment is a violation of R.C. § 4101.11.

70. R.C. § 4101.11 provides that "[e]very employer shall furnish employment which is safe for the employees engaged therein," and "[n]o employer shall require, permit, or suffer any employee to go or be in any employment or place of employment which is not safe…"

71. Defendant's failure to ensure a safe work environment is in violation of R.C. § 4101.12.

72. R.C. § 4101.12 provides that "No employer shall require, permit, or suffer any employee to go or be in any employment or place of employment which is not safe, and no such employer shall fail to furnish, provide, and use safety devices and safeguards, or fail to obey and follow orders or to adopt and use methods and processes reasonably adequate to render such employment and place of employment safe."

73. R.C. § 4101.12 further provides that "No employer shall fail to do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees or frequenters."

74. R.C. § 4101.12 further provides that "No such employer or other person shall construct, occupy, or maintain any place of employment that is not safe."

75. Defendant's failure to ensure a safe work environment is in violation of Ohio public policy as recognized by the Ohio Supreme Court: "Ohio public policy favoring workplace safety is an independent basis upon which a cause of action for wrongful discharge in violation of public policy may be prosecuted." *Pytlinski v. Brocar Prod., Inc.*, 2002-Ohio-66, 94 Ohio St. 3d 77, 80, 760 N.E.2d 385, 388 (2002).

76. The United States District Court for the Southern District of Ohio held "*Pytlinski* is still controlling, it is still good law, and it could not be clearer: 'Ohio public policy favoring workplace safety is an independent basis upon which a cause of action for wrongful discharge in violation of public policy may be prosecuted.'" *Lightner v. CB&I Constructors, Inc.*, No. 14-CV-2087, 2016 WL 6693548, at *10 (S.D. Ohio Nov. 14, 2016) (quoting *Pytlinski*).

77. The United States District Court for the Southern District of Ohio held: "Retaliation against employees who file complaints regarding workplace safety, there, clearly contravenes the public policy of Ohio." *Hucke v. Marriott Hotel Services, Inc.*, 2008 WL 11352589, *4 (S.D. Ohio), *report and recommendation rejected on unrelated grounds in Hucke v. Marriott Hotel Services, Inc.*, 2008 WL 11352630 (S.D. Ohio).

78. The Tenth District Court of Appeals in *Blackburn v. Am. Dental Ctrs.*, 22 N.E.3d 1149, 1158 (10th Dist. 2014) held that R.C. §§ 4101.11 and 4101.12 "establish that there exists a clear public policy that is manifested in a state or federal constitution, statute, or administrative regulation in Ohio favoring workplace safety for employees and frequenters."

79. The Tenth District Court of Appeals in *Blackburn*, further held that Ohio has a public policy prohibiting terminating the employment of individuals who make complaints regarding an unsafe work environment.

80. Defendant's failure to take proper corrective action following Mack's reporting of safety concerns jeopardizes Ohio's public policy ensuring a safe working environment.

81. Defendant's termination of Mack's employment jeopardizes these public policies.

82. Defendant's termination of Mack's employment was motivated by conduct related to these public policies.

83. Defendant had no overriding business justification for terminating Mack's employment.

84. As a direct and proximate result of Defendant's conduct, Mack has suffered and will continue to suffer damages.

## COUNT III: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION IN VIOLATION OF R.C. § 4112.02(J)

85. Mack restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

86. Pursuant to R.C. § 4112.02(J), it is unlawful "[f] or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice…"

87. Achilles aided, abetted, incited, coerced, and/or compelled Nestle's discriminatory treatment of Mack.

88. Achilles violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting and inciting discrimination.

89. Mack suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

90. As a direct and proximate result of Defendant's conduct, Mack has suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Judy Mack demands from Defendants the following:

Electronically Filed 08/28/2023 10:20 / CV 23 984555 / Confirmation Nbr. 2948047 / CLAJB

(a) Issue an order requiring Nestle to restore Mack to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Mack for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Mack's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Taurean J. Shattuck*
Taurean J. Shattuck (0097364)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:  (216) 291-5744
Email:  Taurean.Shattuck@spitzlawfirm.com

*Attorney For Plaintiff*

9

## JURY DEMAND

Plaintiff Judy Mack demands a trial by jury by the maximum number of jurors permitted.


/s/ Taurean J. Shattuck
Taurean J. Shattuck (0097364)
**SPITZ, THE EMPLOYEE'S LAW FIRM**



# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine

Commissioners: Lori Barreras, Chair | J. Rita McNeil Danish | William Patmon, III | Madhu Singh | Charlie Winburn
Executive Director Angela Phelps-White

**February 9, 2023**                                                                    *Date Mailed: 02/09/2023*

Judith Mack                                              Nestle USA, Inc.
2020 Grovewood Avenue                        c/o Michael Prewitt, Division General Counsel
Parma, OH 44134                                   5750 Harper Road
                                                              Solon, OH 44139

## LETTER OF DETERMINATION
Judith Mack v. Nestle USA, Inc.
CLEA4(47690)08122022; 22A-2022-04099

**FINDINGS OF FACT:**
Charging Party filed a charge of discrimination with the Ohio Civil Rights Commission alleging Respondent engaged in an unlawful discriminatory practice. All jurisdictional requirements for filing a charge have been met. Prior to the conclusion of the investigation, Charging Party requested to withdraw the charge to request a Notice of Right to Sue from the Ohio Civil Rights Commission or Equal Employment Opportunity Commission.

**DECISION:**
The Ohio Civil Rights Commission has entered into its record a finding of **WITHDRAWAL OF CHARGE – REQUEST A NOTICE OF RIGHT TO SUE**. The matter is **CLOSED**.

Please refer to the enclosed **NOTICE OF RIGHT TO SUE** for additional information on Charging Party's suit rights.

**NOTICE OF RIGHT TO PETITION FOR JUDICIAL REVIEW:**
A determination of the Commission that constitutes a Final Order is subject to judicial review, wherein the court reviews the contents of this letter and determines if there are sufficient factual findings supporting why the Commission did not issue a complaint. A petition for judicial review must be filed in the proper common pleas court within **THIRTY (30) days** of the date the Commission mailed this Final Order. The right to obtain judicial review and the mode and procedure thereof is set forth in Ohio Revised Code § 4112.06.

The judicial review process is not a means to reexamine the investigation or further pursue your allegations through the Commission. You may consult with an attorney for information on available options.

A Probable Cause finding is not a Final Order and is not subject to judicial review by a court. All other determinations of the Commission constitute a Final Order and are subject to judicial review by a court.

Judith Mack v. Nestle USA, Inc.
CLEA4(47690)08122022; 22A-2022-04099
Page 2


FOR THE COMMISSION,

*Vera F. Boggs*
Vera Boggs
Regional Director
vera.boggs@civ.ohio.gov


cc:   <u>Representative for Charging Party</u>:     <u>Representative for Respondent</u>:
       Shannon Wilkes, Esq.                Patrick Peters, Esq.
       Spitz Law Firm                     Jackson Lewis P.C.
       25825 Science Park Dr., Suite 200     6100 Oak Tree Blvd., Suite 400
       Beachwood, OH 44122            Cleveland, OH 44131

# OHIO CIVIL RIGHTS COMMISSION

**Board of Commissioners:**
Lori Barreras – Chair
J. Rita McNeil Danish
William W. Patmon, III
Madhu Singh
Charlie Winburn



Angela Phelps-White,
Executive Director

---

**Charging Party,**
    **Judith Mack** )
)
)
)
**v.** )
)
**Respondent,** )
    **Nestle USA, Inc.** )
)
)
)

**Charge No. CLEA4(47690)08122022**
**22A-2022-04099**

---

## NOTICE OF RIGHT TO SUE

---

Pursuant to Ohio Revised Code 4112.051, you may file a civil action against the Respondent(s) alleging a violation of Ohio Revised Code 4112. The lawsuit may be filed in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the Commission investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed. NOTE: If you request reconsideration of the Commission's determination, this NOTICE OF RIGHT TO SUE will be vacated. FOR FEDERAL COURT FILINGS: Notices of Right to Sue under federal law will be issued by the EEOC.

**FOR THE COMMISSION**

*Vera F. Boggs*

Vera Boggs
Cleveland Regional Director
615 W. Superior Ave., Suite 885
Cleveland, OH 44113
(216) 787-3150

Date mailed: February 9, 2023

DocuSign Envelope ID: 83686081-1A69-47AC-8BB0-F24B6F867A18

# OHIO CIVIL RIGHTS COMMISSION
## AND
## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## REQUEST FOR WITHDRAWAL OF CHARGE OF DISCRIMINATION

You have requested withdrawal of your dual filed charge of discrimination from the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission.  In order to initiate such action, please furnish the information below.  Since a request for withdrawal of a charge is subject to approval by both Commissions, your request will be considered and acted upon when received.  Please note that both Commissions are still prepared to proceed with your case if you so desire.

| CLEA4(47690)08122022 | 22A-2022-04099 |
|:---:|:---:|
| **OCRC CASE NUMBER** | **EEOC CASE NUMBER** |

| Judith Mack | Nestle USA, Inc. |
|:---:|:---:|
| **CHARGING PARTY** | **RESPONDENT** |

CHARGING PARTY---Complete Information Below

I am aware that the Ohio Civil Rights Commission and Equal Employment Opportunity Commission protect my right to file a charge and have been advised that it is unlawful for any person covered by Ohio Revised Code Chapter 4112 or the laws administered by Equal Employment Opportunity Commission to threaten, intimidate or harass me because I have filed a charge.  I have not been coerced into requesting this withdrawal.

I request the withdrawal of my charge because I wish to request a Notice of Right to Sue.

| | |
|---|---|
| **CHARGING PARTY** | 1/24/2023 |
| | **DATE** |
| | |
| **WITNESS** | **DATE** |
| | 02/08/23 |
| **OHIO CIVIL RIGHTS COMMISSION** | **DATE** |



# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine
Commissioners:  Lori Barreras, Chair | J. Rita McNeil Danish | William Patmon, III | Madhu Singh | Charlie Winburn
Executive Director Angela Phelps-White

**February 9, 2023**

*Date Mailed: 02/09/2023*

Judith Mack
2020 Grovewood Avenue
Parma, OH 44134

Nate Lewis, Supervisor
c/o Nestle USA, Inc.
5750 Harper Road
Solon, OH 44139

## LETTER OF DETERMINATION
Judith Mack v. Nate Lewis
CLEE4(47691)08122022; 22A-2022-04100

**FINDINGS OF FACT:**
Charging Party filed a charge of discrimination with the Ohio Civil Rights Commission alleging Respondent engaged in an unlawful discriminatory practice. All jurisdictional requirements for filing a charge have been met. Prior to the conclusion of the investigation, Charging Party requested to withdraw the charge to request a Notice of Right to Sue from the Ohio Civil Rights Commission or Equal Employment Opportunity Commission.

**DECISION:**
The Ohio Civil Rights Commission has entered into its record a finding of **WITHDRAWAL OF CHARGE – REQUEST A NOTICE OF RIGHT TO SUE**. The matter is **CLOSED**.

Please refer to the enclosed **NOTICE OF RIGHT TO SUE** for additional information on Charging Party's suit rights.

**NOTICE OF RIGHT TO PETITION FOR JUDICIAL REVIEW:**
A determination of the Commission that constitutes a Final Order is subject to judicial review, wherein the court reviews the contents of this letter and determines if there are sufficient factual findings supporting why the Commission did not issue a complaint. A petition for judicial review must be filed in the proper common pleas court within **THIRTY (30) days** of the date the Commission mailed this Final Order. The right to obtain judicial review and the mode and procedure thereof is set forth in Ohio Revised Code § 4112.06.

The judicial review process is not a means to reexamine the investigation or further pursue your allegations through the Commission. You may consult with an attorney for information on available options.

A Probable Cause finding is not a Final Order and is not subject to judicial review by a court. All other determinations of the Commission constitute a Final Order and are subject to judicial review by a court.

Electronically Filed 08/28/2023 10:20 /  / CV 23 984555 / Confirmation Nbr. 2948047 / CLAJB

Judith Mack v. Nate Lewis
CLEE4(47691)08122022; 22A-2022-04100
Page 2


FOR THE COMMISSION,

*Vera F. Boggs*
Vera Boggs
Regional Director
vera.boggs@civ.ohio.gov


cc:  Representative for Charging Party:        Representative for Respondent:
     Shannon Wilkes, Esq.                       Patrick Peters, Esq.
     Spitz Law Firm                             Jackson Lewis P.C.
     25825 Science Park Dr., Suite 200          6100 Oak Tree Blvd., Suite 400
     Beachwood, OH 44122                        Cleveland, OH 44131

# OHIO CIVIL RIGHTS COMMISSION

**Board of Commissioners:**
Lori Barreras – Chair
J. Rita McNeil Danish
William W. Patmon, III
Madhu Singh
Charlie Winburn



Angela Phelps-White,
Executive Director

| | | |
|---|---|---|
| **Charging Party,**<br>     **Judith Mack** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Charge No. CLEE4(47691)08122022** |
| | ) | **22A-2022-04100** |
| **Respondent,** | ) | |
|      **Nate Lewis** | ) | |
| | ) | |
| | ) | |
| | ) | |

## NOTICE OF RIGHT TO SUE

Pursuant to Ohio Revised Code 4112.051, you may file a civil action against the Respondent(s) alleging a violation of Ohio Revised Code 4112. The lawsuit may be filed in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the Commission investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed. NOTE: If you request reconsideration of the Commission's determination, this NOTICE OF RIGHT TO SUE will be vacated. FOR FEDERAL COURT FILINGS: Notices of Right to Sue under federal law will be issued by the EEOC.

**FOR THE COMMISSION**

*Vera F. Boggs*

Vera Boggs
Cleveland Regional Director
615 W. Superior Ave., Suite 885
Cleveland, OH  44113
(216) 787-3150

Date mailed: February 9, 2023

DocuSign Envelope ID: 83686081-1A69-47AC-8BB0-F24B6F867A18

## OHIO CIVIL RIGHTS COMMISSION

## REQUEST FOR WITHDRAWAL OF CHARGE OF DISCRIMINATION

You have requested withdrawal of your charge of discrimination from the Ohio Civil Rights Commission. In order to initiate such action, please furnish the information below.  Since a request for withdrawal of a charge is subject to approval by the Ohio Civil Rights Commission, your request will be considered and acted upon when received.  Please note that the Ohio Civil Rights Commission is still prepared to proceed with your case if you so desire.

### CLEE4(47691)08122022; 22A-2022-04100
### OCRC CASE NUMBER(S)

| Judith Mack | Nate Lewis |
|---|---|
| **CHARGING PARTY** | **RESPONDENT** |

### CHARGING PARTY---Complete Information Below

I am aware that the Ohio Civil Rights Commission protects my right to file a charge and have been advised that it is unlawful for any person covered by Ohio Revised Code Chapter 4112 to threaten, intimidate or harass me because I have filed a charge.  I have not been coerced into requesting this withdrawal.

I request the withdrawal of my charge because I wish to request a Notice of Right to Sue.

*DocuSigned by: Judy Mack*

**CHARGING PARTY**                                    1/24/2023
                                                     **DATE**

_____              _____
**WITNESS**                                           **DATE**

_____              02/08/23
**OHIO CIVIL RIGHTS COMMISSION**                      **DATE**

Electronically Filed 08/28/2023 10:20 / / CV 23 984555 / Confirmation Nbr. 2948047 / CLAJB

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

JUDY MACK
**Plaintiff**

**CASE NO.**  CV23984555

**V.**

**JUDGE**  JOHN J RUSSO

NESTLE USA, INC., ET AL.
**Defendant**

# SUMMONS    SUMC   CM

**Notice ID:**   51511261

| From: | JUDY MACK<br>2020 GROVEWOOD AVENUE<br>PARMA OH 44134 | P1 |

| Atty.: | TAUREAN J. SHATTUCK<br>25825 SCIENCE  PARK DRIVE STE 200<br>BEACHWOOD, OH 44122-0000 |

| To: | NESTLE USA, INC.<br>5750 HARPER ROAD<br>SOLON OH 44139 | D1 |

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: <u>08/30/2023</u>

By_____
**Deputy**

CMSN130

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

JUDY MACK
**Plaintiff**

V.

NESTLE USA, INC., ET AL.
**Defendant**

**CASE NO.**  CV23984555

**JUDGE**  JOHN J RUSSO

# SUMMONS  SUMC  CM

Notice ID:  51511263

| From: | JUDY MACK<br>2020 GROVEWOOD AVENUE<br>PARMA OH 44134 | P1 |
|---|---|---|

| Atty.: | TAUREAN J. SHATTUCK<br>25825 SCIENCE  PARK DRIVE STE 200<br>BEACHWOOD, OH 44122-0000 |
|---|---|

| To: | NATE ACHILLES<br>C/O NESTLE USA, INC.<br>5750 HARPER ROAD<br>SOLON OH 44139 | D2 |
|---|---|---|

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: <u>08/30/2023</u>

By_____
**Deputy**

CMSN130